UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VASQUEZ-FEBLES,<br><br>    Petitioner,<br><br>v.<br><br>B. PLUMLEY,<br><br>    Respondent. | Case No. 1:18-cv-01497-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AT SCREENING FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

    Petitioner Miguel Vasquez-Febles, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. He seeks reduction of his sentence, arguing that the sentencing court, the Southern District of Florida, misapplied the United States Sentencing Guidelines ("Guidelines") when he was sentenced in April 2009. Petitioner does not claim actual innocence, and he has had the opportunity to raise his habeas claims on direct appeal, as his claims rely on two amendments to the Guidelines that became effective before he was sentenced. Because petitioner has not satisfied the jurisdictional requirements to proceed with a Section 2241 petition, we recommend that the court dismiss the petition at screening for lack of jurisdiction.

**I.    Section 2241**

    Following the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2241 is generally used for challenging the execution of a sentence, and a federal prisoner challenging the legality of his detention generally must do so under Section 2255.

*See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). In rare circumstances, however, a habeas petitioner challenging the legality of his detention may rely on what is known as the savings clause of Section 2255 and file a petition under Section 2241, the old habeas provision, by showing that the remedy under Section 2255 is "inadequate or ineffective." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(e)); *Hernandez*, 204 F.3d at 864. The petitioner can show that his remedy under Section 2255 is inadequate or ineffective if he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Failure to satisfy either of these requirements is a jurisdictional defect. *See Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012); *Hernandez*, 204 F.3d at 865.

### a. Actual Innocence

A claim of actual innocence requires a habeas petitioner to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Marrero*, 682 F.3d at 1193; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Marrero*, 682 F.3d at 1193 (quoting *Bousley*, 523 U.S. at 623). The Ninth Circuit has not held that a Section 2241 habeas claim challenging a noncapital sentencing enhancement is cognizable. *See id.* at 1194.

Here, petitioner does not claim actual innocence. Petitioner's argument is purely legal: he argues that the sentencing court failed to follow the Guidelines, but not that he is factually innocent. Accordingly, petitioner has not satisfied the actual-innocence requirement, and we lack jurisdiction to grant habeas relief. *See id.* at 1194-95.

### b. Unobstructed Procedural Shot

To decide "whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim did not become available until after a federal court decision." *Stephens*, 464 F.3d at 898. That is, we consider: (1) whether the basis for petitioner's claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion;" and (2) whether the law changed "in any way relevant" to petitioner's claim after that first § 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Here, petitioner had an unobstructed procedural shot to assert his habeas claims. He contends that the sentencing court failed to follow the Guidelines, relying on two amendments to the Guidelines: Amendments 489 and 599. *See* ECF No. 1 at 3-4. Amendment 489 became effective on November 1, 1993; Amendment 599 became effective on November 1, 2000.[1] Petitioner was sentenced on April 9, 2009—almost a decade after those amendments took effect. *See generally United States v. Vasquez-Febles*, No. 1:08-cr-20704-UU-1 (S.D. Fla. filed July 31, 2008). Thus, petitioner had the opportunity to assert the same claims relying on those two amendments any time during his criminal proceeding, on direct appeal, or in a Section 2255 proceeding.

Finally, we end by noting an undeveloped argument by petitioner. Petitioner states in the petition:

> Also, <u>Fernando Espanza Rubio</u> and <u>Mata Bustos v. United States</u>, Eastern District of California, 2017 U.S. Dist. Lexis 1075 Case No. <u>1:08-cr-297-LJO</u>. ((Sessions v. Dimaya)). "16(b)"

*Id*. at 4. Petitioner appears to be referencing two cases: (1) *United States v. Rubio*, which concerned a sentencing enhancement under the Armed Career Criminal Act of 1984 ("ACCA");[2] and (2) *Sessions v. Dimaya*, which concerned the definition of "crime of violence" under the Immigration and Nationality Act ("INA"). *See* No. 1:08-cr-297, 2017 WL 56651 (E.D. Cal. Jan. 4, 2017); 138 S. Ct. 1204 (2018). Neither case is relevant here, as petitioner's sentence enhancement had nothing to do with the ACCA or the INA. Although both *Rubio* and *Dimaya* concerned the categorical and modified categorical approaches under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and its predecessors, those analytical frameworks used to assess an offender's recidivist status were not relevant at petitioner's sentencing.[3]

---

[1] *See* U.S. Sentencing Guidelines Manual, app. C (Nov. 1, 1993) amend. 489; *id*. app. C (Nov. 1, 2000) amend. 599, available at https://guidelines.ussc.gov/ac/489, https://guidelines.ussc.gov/ac/599 (last visited May 15, 2019).

[2] Justo Mata Bustos was a co-defendant in the same case. *See Rubio*, 2017 WL 56651.

[3] Petitioner's sentence was enhanced because of the egregiousness of his offenses: petitioner and his co-defendants carjacked a female victim's car, drove to her residence, and tortured her husband in a bathtub by electrocuting him, while holding the female victim and their infant child

3

## II.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). "Where a petition purportedly brought under § 2241 is merely a "disguised" § 2255 motion, the petitioner cannot appeal the denial of that petition absent a COA." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

## III.    Findings and Recommendations

We recommend that the court deny the petition for a writ of habeas corpus, ECF No. 1, and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C.

---

hostage. *See Vasquez-Febles*, No. 1:08-cr-20704-UU-1, ECF No. 122 at 7-8, 32-33, 43, 55-60 (sentencing transcript).

4

§ 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 28, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202